UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $12,176.00 and $7,000.00 | § | |
| IN U.S. CURRENCY, GUARDIAN | § | |
| ULTRA SOURCE PORTABLE | § | |
| GENERATOR, and SPRINGFIELD | § | |
| ARMORY .45 CALIBER PISTOL | § | |
| Defendants in rem | § | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

1.  United States of America, Plaintiff, files this action for forfeiture against approximately $12,176.00 and $7,000.00 in U. S. currency, Guardian Ultra Source Portable Generator, and Springfield Armory .45 Caliber Pistol, Defendants in rem, and alleges the following on information and belief.

*Nature of the Action*

2.  This is an action to forfeit Defendants in rem to the United States pursuant to 21 U.S.C. §§ 881(a)(2), (6), and (11).

*Defendants in Rem*

3. Defendants in rem are approximately $12,176.00 and $7,000.00 in U. S.

currency, Guardian Ultra Source Portable Generator, and Springfield Armory .45 Caliber Pistol that were seized from Pilot Van Tran and Vinh Quang Tran on October 28, 2011, in Houston, Texas, and are in the custody of U.S. Department of Drug Enforcement Administration and/por the US. Marshals Service.

*Jurisdiction and Venue*

4. This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is an action for forfeiture.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395(a) and (b) because a) the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, b) the property was found and is located in the Southern District of Texas, and c) this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

6. The Defendants in rem are subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(2), (6), and (11) because they constitute:

a.  raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or listed chemical in violation of the Controlled Substances Act.

b. money, negotiable instruments, securities and other things of value

furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; proceeds traceable to such an exchange; or money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act; and

c.  a firearm (as defined in 18 U.S.C. § 921) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and any proceeds traceable to such property.

*Facts*

7.  During the month of October 2011, and prior to October 28, 2011, Harris County Sheriff's Office (HCSO) deputies received information that a residence located at XXXX  Dry Canyon Lane Ct., in Katy, Texas was being utilized for the large-scale illegal cultivation of marijuana.

8.  During the morning of October 28, 2011, Katy Police Department Narcotics Officers and HCSO deputies established surveillance on the Dry Canyon Lane residence, and initiated a consensual encounter with Tuan Van NGUYEN after he exited the residence.  Officers told him they had information the residence was being used to grow marijuana and whether he knew anything about that activity.  At this point, NGUYEN admitted that the Dry Canyon residence in fact housed a clandestine marijuana grow operation and subsequently gave officers oral and written consent to search the property.  During the search, officers

discovered 1,014 live marijuana plants with viable root systems being cultivated in the residence.  At this time, Tuan Van NGUYEN was arrested by the Katy Police Department on State charges.

9.   During the search of the Dry Canyon property, officers also found documents containing the address of a second possible clandestine marijuana cultivation facility located at a warehouse located at 14606 Sheraton, Houston, Texas.  At this time, HCSO Deputies, Drug Enforcement Administration (DEA) Agents and Department of Public Safety (DPS) Agents established surveillance on the warehouse located at 14606 Sheraton, Houston, Texas.  At approximately 4:45 p.m. on October 28th, Agents observed Vinh Quang TRAN exit the warehouse and place a box in the trunk of a vehicle, which was parked in front of the building.  At this time, agents and officers initiated a consensual encounter with Vinh Quang TRAN.  Upon approaching Vinh Quang TRAN, agents noticed the he had visible marijuana leaves stuck to his t-shirt, and asked him whether he was involved in growing and/or trafficking marijuana.  Vinh Quang TRAN admitted he was in fact involved with that illegal activity, and informed agents that a second subject by the name of Pilot Van TRAN was in the warehouse.  He also told agents an AR-15 assault rifle and a handgun were inside the building.  At the behest of agents, Vinh Quang TRAN also attempted to call Pilot Van TRAN on

his cell phone to meet agents outside, but was unsuccessful.  Agents then opened the front door of the warehouse and attempted to call Pilot Van TRAN outside, but were ultimately unsuccessful.  Vinh Quang TRAN then informed agents that Pilot Van TRAN was located in the back of the warehouse and probably could not hear them due to all the noise from the fans.   At this point agents and officers made the determination that they would obtain a search warrant for the warehouse, but would first secure the premises for officer safety.

10.  Agents and officers then entered through the front door of the warehouse to secure the premises.  Upon entry, agents and officers saw Pilot Van TRAN in a back room filled with live marijuana plants.   At this time, agents and officers secured Pilot Van TRAN and immediately escorted him out of the warehouse.  Agents then advised Pilot Van TRAN of their investigation, advised him of his Miranda rights and asked him if would be willing to speak with them about the marijuana.  Pilot Van TRAN stated he understood his rights, and waived his rights and spoke with agents.  He then told agents that he was the owner of the warehouse and gave agents and officers written consent to search the property. During the search agents and officers discovered 1,092 live marijuana plants with viable root systems being cultivated at the warehouse. Agents also found and seized one Olympic Arms AR-15 rifle, one Springfield Armory 1911 handgun

with serial number NM61973, one Guardian Ultra Source Portable Generator and approximately $12,000.00 in United States currency.

11.   The agents then interviewed Pilot Van TRAN in more detail, after he had been advised of, and waived, his Miranda rights, and he informed them he was not currently employed.  Pilot Van TRAN further stated that he had purchased the Sheraton warehouse within the last year and made a $60,000 down payment for the property.

12.   Agents then advised Vinh Quang TRAN of his Miranda rights, and he told them he understood his rights and waived them and agreed to speak with them.  He then informed agents that he also had two pounds of marijuana and approximately $7,000.00 in United States currency in his vehicle.  Agents subsequently recovered those items as well.  Vinh Quang TRAN and Pilot Van TRAN each also told agents he did not have a job and each stated that, "we just work here at the warehouse," or words to that effect.

Relief Requested

13.  Plaintiff requests:

A.     An arrest warrants and summons, citing all persons having an interest in the Defendant property to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or as ordered by this Court;

B.      A judgment of forfeiture to the United States be decreed against the Defendant in rem; and

C.      Costs and such other relief to which the Plaintiff may be entitled.

Date: April 5, 2012.

Respectfully submitted,

Tim Johnson
United States Attorney

By: /s/ Albert Ratliff
Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129, Houston, Texas  77208
E-mail albert.ratliff@usdoj.gov
Office (713) 567-9579; Fax (713) 718-3300

## VERIFICATION

I, Joel A. Saldaña, Sr., Special Agent, U.S. Drug Enforcement

Administration, declare under penalty of perjury as provided by 28 U.S.C. §1746

that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated

in this complaint are true and correct to the best of my knowledge and belief.

Executed on April 5, 2012.


Joel A. Saldaña, Sr. ,  Special Agent
U.S. Drug Enforcement Administration